# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FEDERAL DEPOSIT INSURANCE CORPORATION,** as Receiver for **INDYMAC BANK, F.S.B.,**

      **Plaintiff,**

**-vs-**               Case No. 6:11-cv-220-Orl-19GJK

**DAVID APPRAISALS, INC., DIANA DAVID, MURAD BASSAM,**

      **Defendants,**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT BASSAM MURAD'S MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL, WELBAUM GUERNSEY, LLP AND ATTORNEYS JOHN H. GREGORY AND MICHAEL JAY RUNE, II (Doc. No. 44)** |
| **FILED:** | September 22, 2011 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I. BACKGROUND.

On July 21, 2011, Federal Deposit Insurance Corporation (the "Plaintiff"), as receiver for IndyMac Bank, F.S.B. ("IndyMac"), filed a complaint (the "Complaint") against David

Appraisals, Inc., Diana David, and Murad Bassam (the "Defendant"). Doc. No. 37. The factual background of this case is thoroughly set forth in the Court's November 16, 2011 order (the "Order") granting in part and denying in part Defendant's motion to dismiss Counts IV-VI of the Complaint. Doc. No. 48 at 2-3. The Court stated:

> The present case arises out of a real estate transactions financed with a mortgage loan provided by [IndyMac]. Pursuant to 12 U.S.C. § 1821(d)(2)(B), the [Plaintiff] has been appointed to act as Receiver for IndyMac. The transaction involves real property located at 1168 Castle Pines Court, Lot 145, Reunion, Florida ("the Lot"). Plaintiff alleges [Defendant] purchased the Lot on or about December 31, 2004 for $315,000. On approximately May 29, 2007, [Defendant] filed a [c]omplaint . . . against the Reunion Resort and Club of Orlando Master Association, Inc., The Reunion Club of Orlando, LLC, and other defendants. In the [c]omplaint, [Defendant] alleged the value of the Lot was "inflated" based on "inaccurate appraisals" which "induced the lenders to grant loans secured by the properties while in fact the properties were worth significantly much less than their appraisals."
>
> Approximately one month after filing the [c]omplaint, [Defendant] sold the Lot to Joe Ballo for $530,000. Ballo financed the purchase with a mortgage loan from IndyMac. Plaintiff alleges that when entering into the transaction, "[Defendant] represented to IndyMac that the transaction with Ballo was a legitimate transaction and that the true market value of the Lot was reflected by the sale price of $530,000." Plaintiff claims IndyMac relied on this representation when deciding to issue a mortgage loan to Ballo. Furthermore, Plaintiff alleges that [Defendant] hired Ballo as a straw buyer to assist in defrauding IndyMac.
>
> Before the sale to Ballo, an appraisal of the Lot was performed by David Appraisals, Inc. According to the Land Appraisal Report, as of April 6, 2007, the Lot was valued at $530,000. Plaintiff alleges this appraisal was fraudulent and "significantly overestimated the market value of the Lot." Additionally, Plaintiff contends the inflated value led IndyMac to issue an "under-secured loan that could not be repaid by foreclosing the collateral."

Doc. No. 48 at 2-3 (internal citations omitted). Thus, Plaintiff alleges that Defendant falsely represented material facts regarding the sale of the Lot which resulted in damages to IndyMac (Count IV); Defendant aided and abetted fraud against IndyMac (Count V); and that Defendant has been unjustly enriched (Count VI). *Id*. at 3; Doc. No. 37 at ¶¶ 39-64.

A. **The Motion.**

On September 22, 2011, pursuant to Rule 11, Federal Rules of Civil Procedure, Defendant filed a Motion for Sanctions Against Plaintiff's Counsel, Welbaum Guernsey, LLP and Attorneys John H. Gregory and Michael Jay Rune, II (the "Motion"). Doc. No. 44. Defendant alleges that the Complaint fails "to allege basic facts to support any claim against" Defendant. Doc. No. 44 at 3. Essentially, Defendant alleges that Plaintiff failed to make a reasonable inquiry into facts of the case and failed to allege or plead a sufficient factual basis for its claims against Defendant. Doc. No. 44 at 3-8, 9-24. Defendant states that Plaintiff was placed on notice of the defects in Complaint by the filing of Defendant's motions to dismiss and the Motion. Doc. No. 44 at 8. The Motion is silent as to whether Defendant complied with the safe harbor provisions of Rule 11(c)(2). Doc. No. 44. Defendant requests its attorneys' fees and costs in preparing the motion for defending this action against Plaintiff's counsel. Doc. No. 44 at 25. On October 31, 2011, Plaintiff filed its response (the "Response") arguing that its claims against Defendant are "well grounded in fact" and are pled with sufficient particularity to satisfy Rule 11. Doc. No. 47 at 1-13.

## B. The Order.

On November 16, 2011, the Court entered the Order, granting in part and denying in part Defendant's motion to dismiss Counts IV-VI. Doc. No. 48 at 14-15. The Court found that "Plaintiff has pled fraud with the requisite particularity required by Rule 9(b)." Doc. No. 48 at 6. The Court stated:

> Specifically, Plaintiff alleges that on or about June 28, 2007, [Defendant] made a false representation to IndyMac that "the transaction with Ballo was a legitimate transaction and that the true market value of the Lot was reflected by the sale price of $530,000." Plaintiff also claims [Defendant] intended for IndyMac to rely on the representation when deciding whether to issue the mortgage loan to Ballo and that IndyMac did so reasonably rely. Additionally, Plaintiff alleges that [Defendant] was able to obtain the loan proceeds with Ballo's assistance. . . . The Court finds that these allegations provide sufficient specificity and notice so as to comply with the requirements of Rule 9(b).

Doc. No. 48 at 6. Thus, the Court found that Plaintiff has sufficiently pled the allegations of fraud and denied Defendant's motion to dismiss as to Count IV. Doc. No. 48 at 11.

The Court did dismiss Count V, finding that Plaintiff failed to sufficiently plead aiding and abetting. Doc. No. 48 at 11-13. The Court also determined that the Complaint sufficiently alleged allegations of unjust enrichment against Defendant and denied the motion to dismiss as to Count VI. Doc. No. 48 at 13-14.

## II. STANDARD OF REVIEW.

Rule 11, Federal Rules of Civil Procedure, embodies the principle that attorneys and pro se litigants have an obligation to the court to refrain from conduct that frustrates the aims of Rule

1.[1] To accomplish this goal, Rule 11 requires litigants to reasonably inquire into the law and facts before making legal and factual contentions in a pleading or motion; it emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention. *See* Advisory Committee Notes to Rule 11, 1993 Amendments.[2]

Rule 11 sanctions may be sought by motion of an opposing party or by the Court on its own initiative. Fed.R.Civ.P. 11(c)(2)-(3). Rule 11 contains a safe harbor provision which must be complied with prior to a party filing a motion for Rule 11 sanctions. *See* Fed.R.Civ.P. 11(c)(2). The safe harbor provision requires a party to formally serve the offending party with a copy the proposed motion for sanctions at least twenty-one (21) days prior to filing the motion for sanctions with the court. Fed.R.Civ.P. 11(c)(2). The purpose of the safe harbor provision is to allow the party against whom sanctions are sought to withdraw the challenged document(s). *See* 5A *Wright & Miller*, Federal Practice and Procedure, § 1337.2 (2010). "If corrective action is taken, the question of sanctions becomes moot." *Id*. After the expiration of twenty-one (21) days, if corrective action is not taken, the party seeking sanctions may file the motion. *See* Fed.R.Civ.P. 11(c)(2). A motion for Rule 11 sanctions "must describe the specific conduct that allegedly violates Rule 11(b)." *See* Fed.R.Civ.P. 11(c)(2).

Rule 11(b), Federal Rules of Civil Procedure, provides:

> **(b) Representations to the Court**. By presenting to the court a pleading, written motion, or other paper--whether by signing,

---

[1] Rule 1, Federal Rules of Civil Procedure, provides that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Id*.
[2] Rule 11 does not apply to discovery. *See* Fed.R.Civ.P. 11(d) (2010).

> filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed.R.Civ.P. 11(b). Therefore, Rule 11(b) imposes a duty upon attorneys and pro se parties to "refrain from filing or pursuing frivolous claims." *Rueter v. Merrill Lynch*, 440 F.Supp.2d 1256, 1266 (N.D. Ala. 2006) (citing Fed.R.Civ.P. 11(b)).

A court has discretion to award Rule 11 sanctions:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose.

*Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). Rule 11 "applies only to assertions contained in papers filed with or submitted to the court. It does not cover matters arising for the first time during oral presentations to the court, when counsel may make

statements that would not have been made if there had been more time for study and reflection."

Advisory Committee Notes to Rule 11, 1993 Amendments.[3]

The seminal case on Rule 11 in the Eleventh Circuit provides the following standard and a two-step inquiry for courts to utilize in determining whether sanctions are appropriate:

> The objective standard for testing conduct under Rule 11 is "reasonableness under the circumstances" and "what was reasonable to believe at the time" the pleading was submitted. This court requires a two-step inquiry as to (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous. . . . Although sanctions are warranted when the claimant exhibits a "deliberate indifference to obvious facts," they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law. Sanctions may be appropriate when the plain language of an applicable statute and the case law preclude relief. However, the purpose of Rule 11 is to deter frivolous lawsuits and not to deter novel legal arguments or cases of first impression. The grant of summary judgment, in and of itself, does not mean that an action is frivolous or warrants the imposition of sanctions.

*Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (internal citations omitted). Therefore, the Court applies an objective reasonableness standard in terms of what was and should have been known at the time, keeping in mind that Rule 11 should not have a chilling effect on zealous or novel arguments.

---

[3] The Advisory Committee Notes to Rule 11, 1993 Amendments, also state: "However, a litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit. For example, an attorney who during a pretrial conference insists on a claim or defense should be viewed as 'presenting to the court' that contention and would be subject to the obligations of subdivision (b) measured as of that time." *Id*.

## III. ANALYSIS.

As set forth above, in order to be entitled to sanctions under Rule 11, a movant must show that an attorney pursued objectively untenable factual or legal positions or acted in bad faith. *See* supra pp. 4-8. In this case, Defendant has presented no evidence showing that Plaintiff's counsel pursued objectively untenable factual or legal positions or acted in bad faith. The thrust of Defendant's Motion is that Plaintiff failed to allege basic or sufficient facts to sustain its claims against Defendant. Doc. No. 44. Based on the Court's Order, Plaintiff has alleged sufficient facts to sustain a claim of fraud and unjust enrichment against Defendant. Doc. No. 48. Moreover, nowhere in the Motion does Defendant state that he complied with the safe harbor provisions of Rule 11(c). Doc. No. 44. Accordingly, based on the forgoing, it is **RECOMMENDED** that the Motion (Doc. No. 44) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** at Orlando, Florida on December 9, 2011.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of record
Unrepresented parties