# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FEDERAL DEPOSIT INSURANCE**
**CORPORATION, AS RECEIVER FOR**
**INDYMAC BANK, F.S.B.**

        **Plaintiff,**

-vs-                                            **Case No. 6:11-cv-220-Orl-19GJK**

**DAVID APPRAISALS, INC. a Florida**
**Corporation, DIANA DAVID, an individual**
**HENG-HUA CHE, an individual,**
**BASSAM MURAD, an individual,**

        **Defendants.**
_____

## ORDER

This case comes before the Court on the following:

1. Motion for Sanctions by Defendant Bassam Murad (Doc. No. 44, filed Sept. 22, 2011);

2. Response in Opposition to Motion for Sanctions by Plaintiff Federal Deposit Insurance Corporation (Doc. No. 47, filed Oct. 31, 2011);

3. Report and Recommendation of Magistrate Judge Gregory J. Kelly (Doc. No. 53, filed Dec. 9, 2011); and

4. Memorandum in Opposition to the Report and Recommendation by Defendant Bassam Murad (Doc. No. 57, filed Dec. 23, 2011.)

**Background**

The present case arises out of a real estate transaction financed with a mortgage loan provided by IndyMac Bank, F.S.B. ("IndyMac"). (Doc. No. 37 ¶ 42, filed July 21, 2011.) Pursuant to 12 U.S.C. § 1821(d)(2)(B), the Federal Deposit Insurance Corporation ("Plaintiff") has been appointed to act as Receiver for IndyMac. (*Id.* ¶ 1.) The transaction involves real property located at 1168 Castle Pines Court, Lot 145, Reunion, Florida ("the Lot"). (*Id.* ¶ 6.)

On July 21, 2011, Plaintiff filed the Amended Complaint against David Appraisals, Inc., two of its employees, and Bassam Murad ("Murad"). (Doc. No. 37.) Plaintiff's claims against Murad are raised in Counts IV, V, and VI of the Amended Complaint. In Count IV, Plaintiff alleges Murad falsely represented material facts regarding the sale of the Lot which resulted in damages to IndyMac. (*Id.* at ¶¶ 43, 52.) Count V is a claim for aiding and abetting fraud, and Count VI is a claim for unjust enrichment. (*Id.* at 12.) On August 18, 2011, Murad filed a Motion to Dismiss the Amended Complaint addressing Counts IV, V, and VI. (Doc. No. 40.) Plaintiff filed a Response in Opposition and Supporting Memorandum of Law on September 16, 2011. (Doc. No. 43.) On November 16, 2011, the Court entered an Order granting in part and denying in part Murad's Motion to Dismiss. (Doc. No. 48.) Specifically, the Court denied the Motion to Dismiss with respect to the fraud and unjust enrichment counts; however, the Court dismissed the count of aiding and abetting fraud, finding that Plaintiff did not sufficiently allege that Murad actively participated in assisting another party in the commission of fraudulent activity. (*Id.* at 12.)

On September 22, 2011, Murad filed a Motion for Sanctions against Plaintiff and Plaintiff's counsel pursuant to Federal Rule of Civil Procedure 11. (Doc. No. 44.) Murad alleges that Plaintiff and Plaintiff's counsel failed to conduct a reasonable inquiry as required by Rule 11(b) and therefore

Plaintiff's claims are "frivolous, scandalous, [and] lack a factual basis." (*Id.* at 3.) Essentially raising the same arguments found in his Motion to Dismiss, Murad contends that Plaintiff and Plaintiff's counsel should be sanctioned for the following actions: (1) filing the fraud and aiding and abetting fraud claim which are not supported by basic facts that identify a fraudulent statement made to anyone; (2) filing the fraud and aiding and abetting fraud claim which are based on statements of opinion which are not actionable; (3) filing the fraud and aiding and abetting fraud claim which are based on statements upon which Indymac could not have reasonably relied; and (4) filing the claim for unjust enrichment when Plaintiff's damages are contractual and Plaintiff failed to plead inequitable conduct by Murad. (*Id.* at 6-25.) Moreover, Murad asserts that Plaintiff and Plaintiff's counsel were placed on notice of these defects through Murad's Motion to Dismiss the Complaint and the subsequent Motion to Dismiss the Amended Complaint. (*Id.* at 3.) Murad requests attorney's fees and costs incurred in this suit and in bringing the Motion for Sanctions. (*Id.* at 25.)

On October 31, 2011, Plaintiff filed its Response in Opposition to the Motion for Sanctions and supporting Memorandum of Law. (Doc. No. 47.) Plaintiff argues that the fraud and aiding and abetting fraud claim are factually and legally justified and are pled with sufficient particularity to survive the Motion for Sanctions. (*Id.* at 5-6.) Additionally, Plaintiff argues that it has alleged inequitable conduct by Murad sufficient to support a claim for unjust enrichment. (*Id.* at 12.)

On December 9, 2011, Magistrate Judge Kelly issued a Report and Recommendation ("the Report") in which he recommended that the Court deny Murad's Motion for Sanctions. (Doc. No. 53.) Specifically, the Magistrate Judge found that Murad "presented no evidence showing that Plaintiff's counsel pursued objectively untenable factual or legal positions or acted in bad faith" to require the imposition of Rule 11 sanctions. (*Id.* at 8.) Moreover, the Magistrate Judge noted that

Murad does not state in his Motion for Sanctions that he complied with the safe harbor provision of Rule 11(c). (*Id.*) Murad objects to the Report and Recommendation, contending that his Motion complies with the safe harbor provision. (Doc. No. 57 ¶¶ 5-8.) Murad also requests that the Court reserve ruling on his Motion for Sanctions because "a ruling on Murad's Motion for Sanctions before he is allowed to conduct discovery would create an impossible standard that Murad would never be able to meet under any circumstance." (*Id.* ¶13.) Plaintiff has not filed an objection to the Report or a response to Murad's objections.

## Standard of Review

A party seeking to challenge the findings in a Report and Recommendation of the United States Magistrate Judge must file "written objections which specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 Fed. App'x. 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). If a party makes a proper objection, the District Court must conduct a *de novo* review of the portions of the report to which the objection is made. Fed. R. Civ. P. 72(b)(3); *Macort,* 208 Fed. App'x at 783-84 (quoting *Heath,* 863 F.2d at 822). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 Fed. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). The District Court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Fed. R. Civ. P. 72(b)(3); *Macort,* 208 Fed. App'x at 784 (quoting *Heath,* 863 F.2d at 822). When conducting its *de novo* review, "the district court's consideration of the factual issues [must] be independent and based upon the record before the court." *Macort,* 208 Fed. App'x at 784 (quoting *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)).

**Analysis**

Murad objects to the Magistrate Judge's Report on two grounds: (1) Murad complied with the safe harbor provision required for a party moving for sanctions found in Federal Rule of Civil Procedure 11(c)(2); and (2) adopting the Report "would create an impossible standard for obtaining Rule 11 sanctions when a plaintiff files a pleading without any evidence to support essential elements of its claim" because Murad has not had the opportunity to conduct discovery to show that Plaintiff lacks evidence of critical elements of its claim. (Doc. No. 57 ¶¶5-8, 10-12.)

**I.     Safe Harbor Provision of Rule 11**

Murad contends his Motion for Sanctions complies with Rule 11's safe harbor provision. (*Id.* ¶ 8.) Federal Rule of Civil Procedure 11(c) states that a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ." Fed. R. Civ. P. 11(c)(2). Stated otherwise, Rule 11 "requires the moving party to serve the motion for sanctions on opposing counsel at least twenty-one days prior to filing it with the court." *In re Miller,* 414 Fed. App'x 214, 216 (11th Cir. 2011.) The safe harbor provision provides opposing counsel twenty-one days to correct the alleged Rule 11 violation without being subject to sanctions. *Peer v. Lewis,* 606 F.3d 1306, 1315 (11th Cir. 2010).

The Court respectfully disagrees with the Magistrate Judge's assertion that Murad does not state he complied with the safe harbor provision in his Motion for Sanctions. (Doc. No. 53 at 8.) The Certificate of Service for Murad's Motion for Sanctions states the following:

> I HEREBY CERTIFY that on August 30, 2011, I served the foregoing "Defendant Bassam Murrad's ***Motion to Dismiss*** Complaint with Prejudice" on John H. Gregory, Esquire and Michael Jay Rune, II, Esquire, Welbaum Guernsey, LLP, Penthouse Suite, 901 Ponce de Leon Blvd., Coral Gables, FL 33134, attorneys of record via U.S.

  Mail and facsimile (305-441-2255).

(Doc. No. 57 ¶ 6 (emphasis added).) The Motion for Sanctions was filed with the Court on September 22, 2011, more than twenty-one days after it was allegedly served on Plaintiff. (*Id.* ¶ 7.) Although the Certificate of Service certifies that Murad served the "Motion to Dismiss" on Plaintiff and Plaintiff's Counsel on August 30, 2011, a review of the record indicates that Murad was likely referring to the present Motion for Sanctions. First, the Certificate of Service refers to the "foregoing" motion, which was the Motion for Sanctions. (Doc. No. 44 at 26.) Additionally, the Certificate of Service for the Motion to Dismiss indicates that it was served on Plaintiff and Plaintiff's Counsel on August 18, 2011. (Doc. No. 40 at 26.) Accordingly, the Court sustains Murad's objection concerning the safe harbor provision.

**II.**  **Rule 11 Sanctions**

  The Court adopts the Magistrate Judge's recommendation to deny Murad's Motion for Sanctions on the grounds that Murad has not provided "evidence showing that Plaintiff's counsel pursued objectively untenable factual or legal positions or acted in bad faith." (Doc. No. 53 at 8.) Federal Rule of Civil Procedure 11 states:

> (b) By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further

> investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)-(4). "If . . . the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Additionally, if a party moves for sanctions pursuant to Rule 11, the motion "must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2).

When ruling on a motion for sanctions pursuant to Federal Rule of Civil Procedure 11, the Court performs a two-part inquiry: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Baker v. Alderman,* 158 F.3d 516, 524 (11th Cir. 1998) (citing *Worldwide Primates, Inc. v. McGreal,* 87 F.3d 1252, 1254 (11th Cir. 1996)). A court should grant a motion for sanctions when "a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." *Id.* (citing *Didie v. Howes,* 988 F.2d 1097, 1103 (11th Cir. 1993)). Sanctions are not warranted, however, when a claimant's evidence is "merely weak." *Id.* (citing *Davis v. Carl,* 906 F.2d 533, 537 (11th Cir. 1990)).

Upon review of the record, the Court agrees with the Magistrate Judge in that Murad has not established that Plaintiff's claims are frivolous, lack factual basis, or were made in bad faith for an improper purpose. (Doc. No. 53 at 8); *Baker,* 158 F.3d at 524. Instead, Murad seems to argue that the counts alleged by Plaintiff were insufficiently pled, mirroring the arguments put forth in Murad's Motion to Dismiss. (*See* Doc. No. 40.) As noted by the Magistrate Judge, the Court has previously

determined that "Plaintiff has alleged sufficient facts to sustain a claim of fraud and unjust enrichment against [Murad]." (Doc. No. 53 at 8; Doc. No. 48.) Moreover, Rule 11 does not require that pleadings "allege all material facts or the exact articulation of the legal theories upon which the case will be based" and does not "preclude plaintiffs from establishing the merits of claims through discovery." *Donaldson v. Clark,* 819 F.2d 1551, 1561 (11th Cir. 1987).

Murad also requests that the Court reserve ruling on his Motion for Sanctions, arguing that "[i]f the Report and Recommendation were adopted at this stage in the litigation, it would create an impossible standard for obtaining Rule 11 sanctions when a plaintiff files a pleading without any evidence to support essential elements of its claim." (Doc. No. 57 ¶¶ 10, 12.) It appears that Murad is asserting that the Magistrate Judge's Report was entered prematurely as Murad has not had an opportunity to conduct discovery to show that Plaintiff lacks evidence to support its claims. (*Id.* ¶ 12.) The Court declines to defer ruling on the Motion which was filed by Murad at this juncture in the case, and the Court adopts the Report and Recommendation to the extent it denies Murad's Motion for Sanctions.

## Conclusion

The Court **SUSTAINS** Murad's objection to the Report and Recommendation concerning Rule 11's safe harbor provision. (Doc. No.57 ¶ 7, filed Dec. 23, 2011.) The Court finds that Murad's Motion for Sanctions complies with Rule 11(c). The Report and Recommendation of Magistrate Judge Kelly is **AFFIRMED** in all other respects, and Murad's Motion for Sanctions is **DENIED** without prejudice**.** (Doc No. 53; Doc. No. 44.)

**DONE** and **ORDERED** in Chambers in Orlando, Florida on January __26__, 2012.

*/s/ Patricia C. Fawsett*
PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record